IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANGELA SCHUNCEY RICHARDSON**                                 **PLAINTIFF**
**ADC# 712575**

**V.**                   **NO. 4:21-cv-00134-LPR-ERE**

**KRYSTLE REED DUNCAN**                                                **DEFENDANT**

## ORDER

Before the Court is Plaintiff Angela Schuncey Richardson's motion, filed April 19, 2022, for a default judgment against Krystle Reed Duncan. *Doc. 27*. On April 25, 2022, the Clerk entered Defendant Duncan's default (*Doc. 29*), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and the Court's Order. *Doc. 28*. The Court now schedules an evidentiary hearing on Ms. Richardson's motion and provides her notice about the purpose of the hearing.

Ms. Richardson, an inmate at the McPherson Unit of the Arkansas Division of Correction ("ADC"), filed this *pro se* lawsuit under § 1983 against former ADC staff member Krystle Reed Duncan. *Doc. 2*. Ms. Richardson claims that Defendant Reed sexually harassed and assaulted her from mid-November 2018 until sometime in 2019. *Id*. She sues Defendant Reed in her individual and official capacities, seeking $350,000 in compensatory damages; $150,000 in punitive damages; and "a policy to make inmates feel comfortable [about] breaking the silence instead of retaliatory actions and false disciplinaries." *Id. at 6*.

1

Given Defendant Reed's default, the *factual* allegations in the complaint, other than those relating to damages, are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). However, the Court remains obligated to ensure that Ms. Richardson's factual allegations provide a basis for Defendant Reed's liability. *Id*. (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed.1998)) ("[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

In her complaint, Ms. Richardson alleges that she had a months-long relationship with Defendant Reed, while Defendant Reed worked as a correctional officer. Ms. Richardson alleges that she felt safe with Defendant Reed but labels their encounters as sexual harassment or assault.[1] *Doc. 2 at 1*. Because Ms. Richardson's complaint is somewhat conclusory and unclear, Ms. Richardson should be prepared to clarify these factual allegations at the hearing.

---

[1] Ms. Richardson brings her claim against Defendant Reed under 42 U.S.C. § 1983, which provides a cause of action for the violation of a constitutionally protected federal right. The Eighth Circuit has held that a § 1983 claim alleging sexual harassment or abuse of an inmate by a corrections officer "can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain,' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (internal citations omitted). This is the only claim before the Court.

In addition, if the Court finds liability established, it must determine Ms. Richardson's damages. Because damages in this case are indefinite and not subject to easy computation, Ms. Richardson shoulders the burden to prove her damages to a reasonable degree of certainty.  See *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (noting that when default judgment is entered on a claim for uncertain damages, facts alleged in the complaint are taken as true, except for those relating to damages, which must be proved "to a reasonable degree of certainty," in a supplemental proceeding); see also Fed. R. Civ. P. 55(b)(2) (providing that a court may conduct a hearing to determine the amount of damages). Accordingly, Ms. Richardson should be prepared to present evidence in support of her request for money damages at the hearing.

IT IS THERFORE ORDERED that an evidentiary hearing on Plaintiff's motion for default judgment (*Doc. 27*) is scheduled to begin in this case on **Thursday, June 30, 2022 at 10:30 A.M.**, Courtroom # 389B, Richard Sheppard Arnold United States Courthouse, 600 West Capitol Avenue, Little Rock, Arkansas.

DATED this 29th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE